**Sanjay S. Schmidt   SBN 247475**
**LAW OFFICE OF SANJAY S. SCHMIDT**
1388 Sutter Street, Suite 810
San Francisco, CA 94109
T: (415) 563-8583
F: (415) 223-9717
e-mail: ss@sanjayschmidtlaw.com

**Joseph S. May   SBN 245924**
**LAW OFFICE OF JOSEPH S. MAY**
1388 Sutter Street, Suite 810
San Francisco, CA 94109
T: (415) 781-3333
F: (415) 707-6600
e-mail: joseph@josephmaylaw.com

Attorneys for Plaintiff
DEBRA MAHLER

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

|  |  |
|---|---|
| **DEBRA MAHLER**,<br><br>      Plaintiff,<br><br>   vs.<br><br>**CITY OF HOLLISTER**, a municipal corporation, Hollister Police Department Chief **DAVID WESTRICK**, in his Individual and Official Capacities, Hollister Police Department Detective **CHRISTOPHER WELLS**, Individually, Hollister Police Department Officer **ROBERT HERNANDEZ**, Individually, and **DOES 1 THROUGH 50**, Jointly and Severally,<br><br>      Defendants. | **Case No.**<br><br>**COMPLAINT FOR DAMAGES, DECLARATORY & INJUNCTIVE RELIEF, and DEMAND FOR JURY TRIAL**<br><br>1. 42 U.S.C. § 1983 – Civil Rights Violations<br>2. 42 U.S.C. § 1983 – Municipal and Supervisory Liability<br>3. California Civil Code § 52.1 (b) – State Civil Rights Violations<br>4. California Constitution, Article I, § 13<br>5. False Arrest<br>6. False Imprisonment<br>7. Intentional Infliction of Emotional Distress<br>8. Assault & Battery<br>9. Negligence<br>10. Invasion of Privacy<br>11. State Law Conspiracy Liability<br>12. Federal Civil Conspiracy Liability |

Plaintiff, by and through her attorneys, the LAW OFFICE OF SANJAY S. SCHMIDT and the LAW OFFICE OF JOSEPH S. MAY, for her Complaint against Defendants, states the following:

## JURISDICTION

1.      This is a civil rights action, arising from the unlawful arrest of Plaintiff by Defendants CHRISTOPHER WELLS and ROBERT HERNANDEZ, done at the direction of and as part of a conspiracy with Defendant DAVID WESTRICK, to arrest and silence Plaintiff in retaliation for her making statements critical of Chief WESTRICK, Detective WELLS, and various actions of the Hollister Police Department, inter alia, on her Facebook.com page. This case implicates core First and Fourth Amendment values and involves violations of firmly-rooted rights: the speech for which Plaintiff was arrested was quintessential, First Amendment-protected speech and the arrest of Plaintiff was made in flagrant violation of the Fourth Amendment. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because it is being brought to obtain compensatory and punitive damages for the deprivation, under color of state law, of the rights of citizens of the United States that are secured by the United States Constitution, pursuant to 42 U.S.C. §§ 1983 and 1988. This action is brought pursuant to the First, Fourth, and Fourteenth Amendments to the United States Constitution, Article I, § 13 of the California Constitution, and the laws of the State of California.

2.      Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), to hear and decide claims arising under state law.

3.      Venue is proper, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to Plaintiffs' claims occurred in this judicial district.

## PARTIES AND PROCEDURE

4.      Plaintiff DEBRA MAHLER is a citizen of the United States, a competent adult, and a resident of the City of Hollister.

5.      Defendant CITY OF HOLLISTER ("CITY") is a municipal corporation, duly

organized and existing under the laws of the State of California, and is the employer of the individual Hollister Police Department ("HPD") defendants named above, as well as certain DOE Defendants. Under its authority, the CITY operates the Hollister Police Department.

6.     At all times mentioned herein, Defendants DAVID WESTRICK ("WESTRICK"), CHRISTOPHER WELLS ("WELLS"), ROBERT HERNANDEZ ("HERNANDEZ"), and DOES 1 through 19, in doing the acts or omissions hereinafter described, acted within the course and scope of their employment with Defendant CITY OF HOLLISTER Police Department ("HPD") and acted under color of state law. The Defendants named above and DOES 1 through 19 are sued in their individual capacities.

7.     Defendant DAVID WESTRICK, at all times mentioned herein, was employed by Defendant CITY as the Chief of Police for the HPD, and was acting within the course of that employment at such times. He is being sued both individually and in his official capacity as the Chief of Police for the HPD. At all material times, Chief WESTRICK was the final policy making official for the CITY OF HOLLISTER, ultimately responsible for all policies, procedures, and training within the HPD.

8.     Certain DOE Defendants, at all material times, were employees and agents of Defendant CITY, responsible for supervising the individually named Defendants above. In failing to properly supervise the individually named Defendants, such DOE Defendants acted within the course and scope of their employment with Defendant CITY and acted under color of state law.

9.     The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as DOES 1 through 50 are unknown to Plaintiff, who, therefore, sues said Defendants by said fictitious names. Plaintiff will amend this Complaint to show said Defendants' true names and capacities when the same have been ascertained. Plaintiff is informed, believes, and thereon alleges that all Defendants sued herein as DOES are in some manner responsible for the acts, omissions, and injuries alleged herein.

10.     Plaintiff alleges, on information and belief, that each of the Defendants sued herein was wrongfully, deliberately indifferently, negligently, and/or otherwise responsible in some manner for the events and happenings hereinafter described, and proximately caused injuries and damages to Plaintiff. Further, one or more DOE defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including DOE Defendants.

11.     Plaintiff is informed, believes, and thereon alleges that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of that relationship. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may hereinafter be otherwise, specifically alleged. At all material times, each Defendant was an integral participant, jointly and fundamentally engaged in constitutionally violative, unlawful, and/or tortious activity, resulting in the deprivation of Plaintiff's constitutional rights and other actionable harm.

12.     The acts and omissions of all HPD Defendants,[1] as set forth herein, were at all material times pursuant to the actual customs, policies, practices, and/or procedures of the CITY OF HOLLISTER Police Department or, alternatively, such acts and omissions were pursuant to or were the proximate result of the lack thereof and, thus, in lieu of polices, practices, and procedures that should have been in place.

13.     At all material times, each HPD Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

14.     On April 20, 2016, Plaintiff brought a Petition for Relief from the Government Claim Presentation Requirement, pursuant to California Government Code § 946.6, in San

---

[1] Wherever "HPD Defendants" are referenced, both named and DOE Defendants are included.

Benito County Superior Court (Case No. CU-16-00045); it was heard on May 12, 2016. The petition was granted on that date, an Order to that effect was signed by the Superior Court Judge that heard and decided the Petition, and this action was thereafter timely filed within all applicable statutes of limitation.

15.    This complaint may be pleaded in the alternative, pursuant to Rule 8 (d)(2) of the Federal Rules of Civil Procedure.

## GENERAL ALLEGATIONS

16.    Plaintiff re-alleges each and every previous paragraph in this complaint, as though fully set forth herein.

17.    On July 30, 2015, HPD Detective CHRISTOPHER WELLS and HPD Officer ROBERT HERNANDEZ came to Plaintiff's residence; on information and belief, they had been dispatched at the direction of, in conspiracy with, and/or with the express ratification of HPD Chief WESTRICK.

18.    Defendants WELLS and HERNANDEZ drove to Plaintiff's home with the express purpose of threatening and intimidating Plaintiff – and arresting Plaintiff – in direct response to Plaintiff's outspoken criticism on her private Facebook.com social networking page of Defendant WESTRICK's use or misuse of the HPD's "Nixle," system. Nixle is a social media platform for law enforcement agencies and other organizations or governmental agencies, which is a notification system to enable communication between an agency and residents about critical situations, such as severe weather events, evacuations, safety hazards, security threats, facilities problems, and telephone disruptions, etc. Plaintiff's criticism of Defendant WESTRICK's misuse of this system included, but was not limited to: (1) a private Facebook post by Plaintiff, on July 27, 2015, about the insensitive fashion in which WESTRICK employed the Nixle system, such as a Nixle alert of a child tragically killed in a collision very shortly after it had occurred; and (2) a Facebook post on or about July 28, 2015, in which Plaintiff expressed disapproval of the way Chief WESTRICK was doing his job by calling him "Officer Face Book-Police Chief Dave Westrick," and criticizing him for having

publicly posted a Nixle alert containing a photograph of Plaintiff's juvenile grandson, along with his name, which advertised to the whole community that Plaintiff's grandson had been arrested and charged with a felony.

19.     In order to counter-act the effect of Defendant WESTRICK's public announcement via a Nixle alert of the arrest of Plaintiff's juvenile grandson, which of course presumed and implied he was guilty, Plaintiff's private July 28, 2015 Facebook post also sought to remind her friends and family that may have seen the alert not to jump to any conclusions right away and alluded to facts and evidence that Plaintiff believed would exonerate her grandson and/or establish that the allegations against him were lies. Defendant WELLS was upset with Plaintiff's Facebook statement because he was the Detective investigating Plaintiff's grandson's case, so he perceived Plaintiff's statements as a critique of his investigation.

20.     Defendants WESTRICK, WELLS, and HERNANDEZ somehow became aware of Plaintiff's private Facebook postings at some point after they were posted on her page.

21.     On information and belief, Defendant WESTRICK formed an agreement with Defendant WELLS, who was the detective or one of the detectives investigating the criminal case against Plaintiff's grandson, to take action to threaten and intimidate Plaintiff – and arrest Plaintiff – in direct response to the above-referenced criticism by Plaintiff of WESTRICK, as well as the other statements concerning the arrest of her grandson, made on her private Facebook.com social networking page. Defendant WESTRICK and Defendant WELLS were both displeased with Plaintiff's remarks and, thus, they decided to retaliate against – and hopefully silence – her by forming a plan to convey threats to Plaintiff and arrest her for what she had said. Defendant WELLS inferably enlisted Defendant HERNANDEZ to assist in and carry out these plans, which plans HERNANDEZ was aware of, agreed with, assisted with, and intended would be carried out.

22.     On July 30, 2015, pursuant to the above-described conspiracy to arrest Plaintiff for her remarks, Defendants WELLS and HERNANDEZ used their peace officer status to enter

Plaintiff's gated community uninvited and without Plaintiff's permission. Defendants WELLS and HERNANDEZ then pulled up to Plaintiff's home, walked onto her porch, and approached Plaintiff's front door.

23.     Upon contact with Plaintiff at her front door, Defendants immediately questioned Plaintiff aggressively about her remarks on Facebook.com in an intimidating fashion. Defendant WELLS brandished a printed out copy of Plaintiff's Facebook post and asked something to the effect of "Did you write this?" Plaintiff examined it, affirmed that she had written it, and expressed her view that Defendant WESTRICK should not be sending his employees to her home to question her about posts he disliked.

24.     Defendants, who were both armed, continued to exert their authority as peace officers in a threatening and intimidating fashion and entered Plaintiff's home without permission, continuing to question her about her Facebook post.

25.     The subject of the questioning by Defendants WELLS and HERNANDEZ was the above-referenced message that Plaintiff had posted on her Facebook page, in which she criticized and expressed disapproval of Hollister Police Chief WESTRICK for publicizing the arrest of her grandson, a minor, and expressed her opinions about the veracity of the allegations against her grandson.

26.     Plaintiff's statements constituted quintessentially protected speech. Nothing in the Facebook post provided any basis for a reasonable officer to conclude that Plaintiff had committed any crime.

27.     Nonetheless, Defendants WELLS and HERNANDEZ informed Plaintiff that they would be placing her under arrest. Plaintiff informed Defendants WELLS and HERNANDEZ that she needed to put on a bra before she could go anywhere, requesting the opportunity to put one on; Defendant WELLS, whose very presence in Plaintiff's home was trespassory and unlawful, initially refused to permit Plaintiff to put a bra on prior to taking her into custody.

28.     Around this time, Plaintiff's 43-year old developmentally disabled son emerged,

in response to which Defendant WELLS told Plaintiff, "he needs to stay out of our way."

29.     Plaintiff told WELLS she was going to her bedroom to get a bra, but WELLS followed Plaintiff down the hallway, into her bedroom; Plaintiff tried to go into her bathroom, so that she could have privacy, but WELLS refused to permit Plaintiff to be in her bathroom with the door shut. WELLS pushed the door open and commanded Plaintiff to step outside. WELLS proceeded to search through all of the cabinets and drawers in Plaintiff's bathroom, removing certain items and seizing them.

30.     Plaintiff then, again, requested that she be allowed to change into a bra in the privacy of her bathroom, but Defendant WELLS would not permit her to shut her bathroom door; so, with both Defendants WELLS and HERNANDEZ standing right outside her bathroom door, which WELLS had kept open, Plaintiff was forced to hurriedly put a bra on in an area of her bathroom that she hoped was out of these Defendants' view.

31.     After Plaintiff had managed to put a bra on under these highly intrusive and embarrassing circumstances, Defendants WELLS and HERNANDEZ, along with Plaintiff, returned to Plaintiff's living room. There, WELLS resumed his questioning of Plaintiff about her statements on Facebook concerning evidence that exonerated her grandson.

32.     Shortly thereafter, Defendant WELLS told Defendant HERNANDEZ to call "Adult Protective Services," to which Plaintiff asked "Why;" WELLS responded, "I am taking you to jail." Plaintiff told Defendants that her son can stay at the home – that she would call her husband, her son's father, who could return home and watch their son.

33.     The prospect of her disabled son being picked up by strangers and taken away, to an unknown location, caused Plaintiff to become overwhelmed with anxiety, fear, and concern for her son's safety and well-being. Plaintiff frantically placed calls, hoping to reach someone that could watch her son and reach her home quickly enough to possibly keep Defendants WELLS and HERNANDEZ from dispatching Adult Protective Services to her home. Fortunately, Plaintiff was able to reach a family friend prior to being taken by Defendants to jail; Plaintiff's friend arrived to take care of Plaintiff's son. The wrongful arrest

of Plaintiff, separating her from her developmentally disabled son and depriving her of the ability to care for him, violated Plaintiff's rights under the First and Fourteenth Amendments to be free from wrongful government interference with familial relationships.

34.    While in the living room of her home, Defendant WELLS formally placed Plaintiff under arrest for a claimed felony violation of California Penal Code section 136.1 (dissuading a witness) based purportedly on the above-referenced opinions she had expressed about her grandson's case, and read her the *Miranda*[2] rights. Defendants WELLS and HERNANDEZ unlawfully placed Plaintiff under arrest in her home without an arrest warrant and without probable cause, then escorted her, each one holding one of Plaintiff's arms, out into the street, in view of her neighbors.

35.    Defendants forcefully placed Plaintiff into their patrol vehicle, causing Plaintiff to strike her hip on a hard surface in the vehicle. This caused bruising and pain for an extended period of time as a result of Plaintiff's diabetic condition.

36.    Defendants then drove Plaintiff out of her gated community, in-custody, and booked her into the San Benito County Jail. There, Plaintiff was required to post a $50,000 bond, which involved paying $5,000.00 plus interest every month.

37.    Pursuant to their conspiracy to retaliate against Ms. Mahler for her speech and to silence her, Defendants WESTRICK, WELLS, and HERNANDEZ attempted to secure criminal charges against Plaintiff; Defendants did this with the hope and belief that doing so would silence Ms. Mahler and others and, with the further hope that Plaintiff would incur a criminal conviction, so that they could try to shield themselves from civil liability for their unlawful conduct.

38.    The San Benito County District Attorney's Office ("DA") reviewed the case forwarded by Defendants and declined to file any criminal charges against Plaintiff.

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966)

39.     Despite the fact that the DA's Office had already declined to file criminal charges against Plaintiff in connection with the above-referenced arrest, Defendants and the HPD continued to lobby the DA's Office to file charges against Plaintiff through January, 2016. In doing so, Defendants wrongfully exerted and abused the authority granted to them by virtue of their status as peace officers by attempting to use such status to try to influence the independent charging decisions of the DA's Office, in furtherance of their conspiracy to violate Plaintiff's rights and with the hope of insulating themselves from liability. Notwithstanding Defendants' malicious lobbying efforts, the DA's Office, again, declined to file criminal charges against Plaintiff.

40.     Plaintiff was forced to retain an attorney as a result of Defendants' wrongful arrest of her, which required her to pay a retainer fee and to incur legal expenses up until the time that it was confirmed that there would be no criminal charges filed.

41.     At all material times and, alternatively, the actions and omissions of each Defendant were intentional, and/or wanton and/or willful, and/or reckless, and/or callous, and/or malicious, and/or deliberately indifferent to Plaintiff's rights, and/or negligent.

42.     As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiff DEBRA MAHLER sustained the following injuries and damages, past and future, including, but not limited to:

   a.  Economic damages, including, but not limited to, out of pocket expenses, such as non-refundable bail bond charges and concomitant interest, legal fees and concomitant interest, and medical expenses, inter alia;
   b.  Severe emotional distress, fear, anxiety, sleeplessness, humiliation, indignity, loss of liberty, loss of enjoyment of life, a detrimentally impacted ability to care for her disabled son and engage in activities with him, fear and anxiety on the part of her disabled son, pain and suffering, anxiety attacks, hip pain, insomnia, stress related pain, post-traumatic stress disorder, and apprehension about being falsely arrested or imprisoned again, impacting Plaintiff's ability to continue living in her community, home, and affecting her daily activities;
   c.  All other legally cognizable special and general damages;
   d.  Violations of state and federal constitutional rights; and,
   e.  All damages and penalties recoverable under 42 U.S.C. §§ 1983 and 1988, California Civil Code §§ 52 and 52.1, and as otherwise allowed under California and United States statutes, codes, and common law.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983)
### AGAINST DEFENDANTS WESTRICK, WELLS, HERNANDEZ, and DOES 1-19

43.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 42 above, as though fully set forth herein.

44.    By the actions and omissions described above, Defendants WESTRICK, WELLS, HERNANDEZ, and DOES 1-19 violated 42 U.S.C. § 1983, depriving Plaintiff of the following well-settled constitutional rights that are protected by the First, Fourth, and Fourteenth Amendments to the U.S. Constitution:

  a. The right to express criticism of the government and/or government officials and/or public employees and/or to question a public official or employee's job performance and/or to question a public employee as to the proper performance of their duties, as secured by the First and Fourteenth Amendments;

  b. The right to be free from government conduct and/or the exercise of discretion by a government official that is in retaliation and response to the exercise of free speech, as secured by the First and Fourteenth Amendments; indeed, "[t]he freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state." *City of Houston v. Hill*, 482 U.S. 451, 462-63 (1987).

  c. The right to be free from unreasonable searches and seizures, as secured by the Fourth and Fourteenth Amendments;

  d. The right to be free from the use of unlawful and/or unreasonable force in the course of arrest or detention, as secured by the Fourth and Fourteenth Amendments; and,

  e. The right to be free from wrongful government interference with familial relationships and Plaintiff's right to companionship, society, and support, as secured by the First and Fourteenth Amendments.

45.    The failure to intervene, prevent, or stop the First and Fourth Amendment violations on the part of any individually named Defendant HPD officers, such as Defendant HERNANDEZ, and/or DOE Defendants, and/or supervisors, such as Defendant WESTRICK, that were in a position to do so when any violations occurred, renders such Defendant(s) liable for any such violations.

46.    Defendants' retaliatory exercise of discretion, and/or authority, by wrongfully

invoking the awesome power of arrest in response to Plaintiff's expression of criticism and exercise of free speech contravened Plaintiff's constitutional rights guaranteed by the First Amendment to the U.S. Constitution because the action would chill or silence a person of ordinary firmness from future First Amendment activity and Defendants' desire to cause the chilling effect was a but for cause of Defendants' action, for which Defendants are liable either directly or via their failure to intervene. Additionally and/or alternatively: Plaintiff engaged in speech on Facebook that was protected by the First Amendment, Defendants took action against the Plaintiff, and the Plaintiff's protected speech and/or chilling the Plaintiff's speech was a substantial or motivating factor for the Defendants' action.

47.     Any supervisors, including Defendant WESTRICK, who failed to prevent the unconstitutional acts of any individually named or to-be-identified DOE Defendants and, thus, failed to properly supervise them are liable directly and in their capacity as a supervisor.

48.     As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 42. Plaintiffs is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

49.     In committing the acts alleged above, Defendants, including, but not limited to, Defendants WESTRICK, WELLS, and HERNANDEZ, acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well being of Plaintiff, and by reason thereof, Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial against these individual Defendants; no punitive damages are sought directly against the CITY OF HOLLISTER.

**SECOND CAUSE OF ACTION**
**(42 U.S.C. § 1983 – *Monell* and Supervisory Liability)**
**<u>AGAINST DEFENDANTS CITY OF HOLLISTER, DAVID WESTRICK,</u>**
**<u>and DOES 20-30</u>**

50.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 49 above, as though fully set forth herein.

51.     Plaintiff alleges, upon information and belief, the unconstitutional actions and/or

omissions of the individually named HPD Defendants herein were pursuant to the following customs, policies, practices and/or procedures of the HPD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officials for the CITY OF HOLLISTER and/or DAVID WESTRICK and/or the HPD:

    a. Failure to supervise and/or discipline officers for misconduct that results in the violation of citizens' civil rights; and/or,

    b. Failing to institute, maintain, or effectively administer an appropriate training regimen on subjects such as free speech rights and/or seizures of citizens and/or warrantless searches of homes and/or wrongful government interference with familial relationships and/or the use of force; and/or

    c. The policy, habit, custom, or practice of: "If you criticize us or say something we do not approve of, you can be arrested, taken to jail, and we will seek to have you criminally prosecuted," pursuant to which if a CITY OF HOLLISTER citizen criticizes Chief DAVID WESTRICK or any other HPD peace officer, or makes any other remarks that the HPD or an employee thereof disapproves of, the HPD will effectuate or proximately cause the arrest of such person; pursuant to this policy, habit, custom, or practice, the HPD and/or the individual HPD employee will thereafter actively seek to secure the filing of a criminal charge against the person they wrongfully arrested. The officer seeks the filing of such charges with the belief and hope that such charges will silence the person and, further, that a conviction will prevent the person from suing for the false arrest or, if they used excessive force, for the injuries that were wrongfully inflicted by the officer. Tolerating or condoning this policy encourages officers to violate the constitutional rights of the CITY's citizens; and/or,

    d. To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in this Complaint and in subparagraphs (a) through (c) above, when the need for such was obvious, with deliberate indifference to the rights and safety of Plaintiff and the public, and in the face of an obvious need for such policies, procedures, and training programs; and/or,

    e. To cover-up violations of constitutional rights by any or all of the following:

        i. By failing to properly investigate and/or evaluate complaints or incidents related to the claimed customs, polices, practices, and procedures described above in subparagraphs (a) through (d);

        ii. By ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful activity by HPD employees, as described above in subparagraphs (a) through (d; and,

iii. By allowing, tolerating, and/or encouraging HPD personnel to: fail to file complete and accurate reports; file false reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

iv. To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers, whereby an officer does not provide adverse information against a fellow officer; and,

a. Using or tolerating inadequate, deficient, and/or improper procedures for handling, investigating, and reviewing complaints of civil rights violations or other complaints of misconduct, including Internal Affairs ("IA") Complaints and claims made under California Government Code section 910 et seq.

b. Additionally, on January 29, 2016, Plaintiff submitted a pro-per Citizen Complaint form to the CITY, which expressly requested and should have triggered a prompt IA investigation. Yet, no investigation of Plaintiff's complaint was commenced by the CITY OF HOLLISTER until the end of May, 2016, nearly four months after Plaintiff had lodged her complaint. This inaction is circumstantial evidence of the tolerance and or ratification by the CITY of the above-described constitutional violations, committed by HPD employees against Plaintiff.

52.     In the alternative, upon information and belief, Defendants CITY OF HOLLISTER and DAVID WESTRICK may have instituted policies or training addressing some or all the topics listed above, but have either through negligence or deliberate indifference to citizens' rights failed to properly oversee, enforce, and/or properly carry out such policies and/or training.

53.     The above-described customs, policies, practices, and/or procedures of the HPD were a moving force and/or a proximate cause of the deprivations of Plaintiff's constitutional rights, in violation of 42 U.S.C. § 1983, as more fully set forth above in the First Cause of Action.

54.     Defendants CITY OF HOLLISTER and/or DAVID WESTRICK and/or DOES 20-30 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline the individually named Defendants, DOES 1-19, and any other personnel under each

supervisor Defendant's supervision, including DOE Supervisors, with deliberate indifference to Plaintiff's constitutional rights, which were thereby violated as described above.

55.     The unconstitutional actions and/or omissions of the individually named Defendants, DOES 1-19, and any other HPD personnel, as described above, were approved, tolerated, and/or ratified by policy making officials for the CITY OF HOLLISTER, including, but not limited to, Defendant WESTRICK. Plaintiff is informed and believes, and thereupon alleges, the details of this incident have been revealed to the authorized policy makers within the CITY OF HOLLISTER, and that such policymakers have direct knowledge of the fact that Plaintiff was wrongfully arrested, inter alia. Notwithstanding this knowledge, the authorized policymakers within the CITY have approved of the individually named Defendants' and DOES 1-19s' conduct and decisions in this matter to the extent such individuals were under their supervision and oversight, and have made a deliberate choice to endorse such conduct and decisions, and the basis for them, which resulted in violations of Plaintiff's constitutional rights. By doing so, the authorized policymakers within the CITY have shown affirmative agreement with the conduct of individual Defendants and other employees/agents under their supervision, and have ratified the unconstitutional acts of these individual Defendants, employees, and agents.

56.     The aforementioned customs, policies, practices, and procedures; the failure to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; and, the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct of Defendants CITY OF HOLLISTER, DAVID WESTRICK, and DOES 1-19 were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly established and well-settled constitutional rights, in violation of 42 U.S.C. § 1983, as more fully set forth above in the First Cause of Action.

57.     As a direct and proximate result of the foregoing unconstitutional actions, omissions, customs, polices, practices, and/or procedures of Defendants CITY OF HOLLISTER, DAVID WESTRICK, and DOES 1-19, or the lack or inadequacy thereof,

Plaintiff sustained serious and permanent injuries and damages and is entitled to damages, penalties, costs, and attorneys' fees, as set forth above, in ¶ 42, and punitive damages against Defendants WESTRICK and DOES 1-19, in their individual capacities. Plaintiff's only means of securing complete and adequate relief is to also seek declaratory and injunctive relief, to offer Plaintiff substantial and complete protection from Defendants' unlawful policies and practices. Plaintiff, thus, seeks both legal damages and equitable remedies in the form of injunctive relief against Defendant CITY OF HOLLISTER.

**THIRD CAUSE OF ACTION**
**(VIOLATION OF CIVIL CODE § 52.1 (b))**
**AGAINST DEFENDANTS WESTRICK, WELLS, HERNANDEZ,**
**CITY OF HOLLISTER, and DOES 1-19**

58.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 57 above, as though fully set forth herein.

59.     By the actions and omissions described above, Defendants WESTRICK, WELLS, HERNANDEZ, and DOES 1-19 violated and/or interfered with Plaintiff's state and/or federal rights through threats, and/or intimidation, and/or coercion, thereby entitling Plaintiff to sue for damages under California Civil Code § 52.1, subdivision (b).

60.     The violations included depriving Plaintiff of the following well-settled constitutional rights that are secured by the U.S. Constitution, California Constitution, and California law:

a.  The right to express criticism of the government and/or government officials and/or public employees and/or to question a public official or employee's job performance and/or to question a public employee as to the proper performance of their duties, as secured by the First and Fourteenth Amendments;
b.  The right to be free from government conduct and/or the exercise of discretion by a government official that is in retaliation and response to the exercise of free speech, as secured by the First and Fourteenth Amendments;
c.  The right to be free from unreasonable searches and seizures, as secured by the Fourth and Fourteenth Amendments;
d.  The right to be free from the use of unlawful and/or unreasonable force in the course of arrest or detention, as secured by the Fourth and Fourteenth Amendments;

e.  The right to be free from wrongful government interference with familial relationships and Plaintiff's right to companionship, society, and support, as secured by the First and Fourteenth Amendments;

f.  The right to be free from unreasonable searches and seizures, as secured by the California Constitution, Article I, section 13; and,

g.  The right to protection from bodily restraint, harm, or personal insult, as secured by California Civil Code § 43.

61.     As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 42. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial. Defendant CITY OF HOLLISTER is liable under California Government Code § 815.2 for the violations, committed within the course and scope of the named Defendants' employment.

62.     In committing the acts alleged above, Defendants, including, but not limited to, Defendants WESTRICK, WELLS, HERNANDEZ and DOES 1-19 acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well being of Plaintiff, and by reason thereof, Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial against these individual Defendants; no punitive damages are sought directly against the CITY OF HOLLISTER.

## FOURTH CAUSE OF ACTION
### (CAL. CONST., ART. I, § 13)
### AGAINST DEFENDANTS WESTRICK, WELLS, HERNANDEZ, CITY OF HOLLISTER, and DOES 1-19

63.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 62 above, as though fully set forth herein.

64.     The seizure of Plaintiff, the warrantless search in Plaintiff's home, and the use of unreasonable and/or excessive force against Plaintiff violated Plaintiff's rights under the California Constitution, Article I, § 13, thereby entitling Plaintiff to damages.

65.     As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 42. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial. Defendant CITY OF HOLLISTER is liable under California Government Code § 815.2 for the violations of Article I, § 13,

committed within the course and scope of the named Defendants' employment.

66.     In committing the acts alleged above, Defendants, including, but not limited to, Defendants WESTRICK, WELLS, HERNANDEZ and DOES 1-19 acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well being of Plaintiff, and by reason thereof, Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial against these individual Defendants; no punitive damages are sought directly against the CITY OF HOLLISTER.

**FIFTH CAUSE OF ACTION**
**(FALSE ARREST)**
**<u>AGAINST DEFENDANTS WESTRICK, WELLS, HERNANDEZ, CITY OF</u>**
**<u>HOLLISTER, and DOES 1-19</u>**

67.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 66 above, as though fully set forth herein.

68.     By the acts of Defendants WESTRICK, WELLS, HERNANDEZ, and Does 1-19, alleged herein, Plaintiff was falsely arrested, thereby entitling Plaintiff to damages pursuant to California law.

69.     The aiding and abetting and/or failure to intervene and/or failure to prevent this arrest gives rise to liability on the part of the other individually named and/or DOE Defendants.

70.     Defendant CITY OF HOLLISTER is liable under California Government Code § 815.2 for the false arrest, committed within the course and scope of the named Defendants' employment.

71.     As a proximate result of the false arrest, Plaintiff sustained injuries and damages, as set forth above, in ¶ 42. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against Defendants in their individual capacities. No punitive damages are sought directly against the City.

//

//

//

**SIXTH CAUSE OF ACTION**
**(FALSE IMPRISONMENT)**
**AGAINST DEFENDANTS WESTRICK, WELLS, HERNANDEZ, CITY OF**
**HOLLISTER, and DOES 1-19**

72.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 71 above, as though fully set forth herein.

73.     By the acts of Defendants WESTRICK, WELLS, HERNANDEZ, and Does 1-19 alleged herein, Plaintiff was falsely imprisoned, thereby entitling Plaintiff to damages pursuant to California law.

74.     The aiding and abetting and/or failure to intervene and/or failure to prevent this imprisonment gives rise to liability on the part of the other individually named and/or DOE Defendants.

75.     Defendant CITY OF HOLLISTER is liable under California Government Code § 815.2 for the false imprisonment, committed within the course and scope of the named Defendants' employment.

76.     As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 42. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against Defendants in their individual capacities. No punitive damages are sought directly against the City.

**SEVENTH CAUSE OF ACTION**
**(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**
**AGAINST DEFENDANTS WESTRICK, WELLS, HERNANDEZ, CITY OF**
**HOLLISTER, and DOES 1-19**

77.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 76 above, as though fully set forth herein.

78.     Defendants' conduct was outrageous and Defendants intended to cause Plaintiff emotional distress or acted with reckless disregard of the probability that Plaintiff would suffer emotional distress. The Defendants' tortious conduct resulted in Plaintiff suffering severe

emotional distress and Defendants' conduct was a substantial factor in causing Plaintiff's severe emotional distress, thereby entitling Plaintiff to damages pursuant to California law.

79.   Defendant CITY OF HOLLISTER is liable under California Government Code § 815.2 for this tortious conduct, committed within the course and scope of the named Defendants' employment.

80.   As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 42. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against Defendants in their individual capacities. No punitive damages are sought directly against the City.

### EIGHTH CAUSE OF ACTION
### (ASSAULT & BATTERY)
### AGAINST DEFENDANTS WESTRICK, WELLS, HERNANDEZ, CITY OF HOLLISTER, and DOES 1-19

81.   Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 80 above, as though fully set forth herein.

82.   The acts of the individually named Defendants and DOES 1-19, as described above, constitute assault and battery, entitling Plaintiff to damages pursuant to California law.

83.   Defendant CITY OF HOLLISTER is liable under California Government Code § 815.2 for this tortious conduct, committed within the course and scope of the named Defendants' employment.

84.   As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 42. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against Defendants in their individual capacities. No punitive damages are sought directly against the City.

//

//

**NINTH CAUSE OF ACTION**
**(NEGLIGENCE)**
**AGAINST DEFENDANTS WESTRICK, WELLS, HERNANDEZ, CITY OF**
**HOLLISTER, and DOES 1-30**

85.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 84 above, as though fully set forth herein.

86.     At all times, each Defendant owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation and each Defendant owed Plaintiff the duty to act with reasonable care.

87.     These general duties of reasonable care and due care owed to Plaintiff by all Defendants included, but were not limited to, the following specific obligations:

a.     To refrain from violating the right to be free from government conduct and/or the exercise of discretion by a government official that is in retaliation and response to the exercise of free speech, as secured by the First and Fourteenth Amendments;

b.     To refrain from violating the right to be free from unreasonable searches and/or seizures, as secured by the Fourth and Fourteenth Amendments;

c.     To refrain from violating the right to be free from the use of unlawful and/or unreasonable force, as secured by the Fourth and Fourteenth Amendments;

d.     To refrain from violating the right to be free from wrongful government interference with familial relationships, as secured by the First and Fourteenth Amendments.

e.     To refrain from violating the right to be free from unreasonable searches and seizures, as secured by the California Constitution, Article I, section 13;

f.     To refrain from violating the right to protection from bodily restraint, harm, or personal insult, as secured by California Civil Code § 43;

g.     To conduct a reasonable investigation before invoking the awesome power of arrest;

h.     To use generally accepted police procedures and tactics that are reasonable and appropriate;

i.     To refrain from abusing the authority granted to Defendants by law;

j.     To refrain from violating Plaintiff's rights, which are guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

88.     By the acts and omissions set forth more fully in the paragraphs above, Defendants acted negligently and breached their duty of due care owed to Plaintiff, which

foreseeably resulted in the suffering of damages by Plaintiff.

89. Defendant CITY OF HOLLISTER is liable under California Government Code § 815.2 for the negligence of the individual Defendants, committed within the course and scope of the named Defendants' employment.

90. As a proximate result of Defendants' negligence, Plaintiff sustained injuries and damages, as set forth above, in ¶ 42. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

**TENTH CAUSE OF ACTION**
**(INVASION OF PRIVACY)**
**AGAINST DEFENDANTS WESTRICK, WELLS, HERNANDEZ, CITY OF HOLLISTER, and DOES 1-30**

91. Plaintiff re-alleges and incorporate by reference the allegations contained in paragraphs 1 through 90 above, as though fully set forth herein.

92. Plaintiff's home and, in particular her bedroom and the adjoining bathroom, is a private and personal place; Plaintiff's home, as well as her private bathroom, contained private and personal belongings. By the acts alleged above, Defendants intruded into a private place, in which Plaintiff had a reasonable expectation of privacy, in a manner highly offensive to a reasonable person, which amounted to an invasion of Plaintiff's privacy.[3]

93. Defendant CITY OF HOLLISTER is liable under California Government Code § 815.2 for the invasion of privacy committed within the course and scope of the named Defendants' employment.

94. As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 42. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against Defendants in their individual capacities. No punitive damages are sought directly against the City.

---

[3] *Shulman v. Group W. Prods., Inc.*, 18 Cal.4th 200, 231-232 (1998)

**ELEVENTH CAUSE OF ACTION**
**(STATE LAW CIVIL CONSPIRACY LIABILITY)**
**AGAINST DEFENDANTS WESTRICK, WELLS, HERNANDEZ, CITY OF**
**HOLLISTER, and DOES 1-30**

95.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 94 above, as though fully set forth herein.

96.     Defendants WESTRICK, WELLS, and HERNANDEZ devised a plan to take action to wrongfully threaten and intimidate Plaintiff, wrongfully arrest Plaintiff, wrongfully seek to chill Plaintiff's speech, and wrongfully seek to secure the filing of criminal charges against Plaintiff, as set forth more fully above, in ¶¶ 21, 37, and 39.

97.     Each named Defendant was aware that the other named Defendants planned to take action to wrongfully threaten and intimidate Plaintiff, wrongfully arrest Plaintiff, wrongfully seek to chill Plaintiff's speech, and wrongfully seek to secure the filing of criminal charges against Plaintiff, as set forth more fully above, in ¶¶ 21, 37, and 39.

98.     Each named Defendant agreed with the other named Defendants and intended that the above-described wrongful acts be committed.

99.     As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 42. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against Defendants in their individual capacities. No punitive damages are sought directly against the City.

**TWELFTH CAUSE OF ACTION**
**(FEDERAL CIVIL CONSPIRACY LIABILITY – 42 U.S.C. § 1983)**
**AGAINST DEFENDANTS WESTRICK, WELLS, HERNANDEZ, CITY OF**
**HOLLISTER, and DOES 1-30**

100.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 99 above, as though fully set forth herein.

101.    Defendants WESTRICK, WELLS, and HERNANDEZ devised a plan to take action to wrongfully threaten and intimidate Plaintiff, wrongfully arrest Plaintiff, wrongfully

seek to chill Plaintiff's speech, and wrongfully seek to secure the filing of criminal charges against Plaintiff, all in violation of her federal constitutional rights, as set forth more fully above, in ¶¶ 21, 37, and 39, and elsewhere in the paragraphs above. Thus, there was an express or implied agreement or meeting of the minds between Defendants to deprive the Plaintiff of her constitutional rights.

102.     As a proximate result of the Defendants' agreement, an actual deprivation of Plaintiff's constitutional rights occurred, as set forth more fully above, in ¶¶ 1 through 101.

103.     As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 42. Plaintiffs is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

104.     In committing the acts alleged above, Defendants, including, but not limited to, Defendants WESTRICK, WELLS, and HERNANDEZ, acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well being of Plaintiff, and by reason thereof, Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial against these individual Defendants; no punitive damages are sought directly against the CITY OF HOLLISTER.

//
//
//
//
//
//
//
//
//
//
//

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief against each and every Defendant herein, jointly and severally:

1.    Compensatory damages in an amount according to proof, which is fair, just, and reasonable;
2.    Exemplary and punitive damages against the individual Defendants only under 42 U.S.C. § 1983 and California law, in an amount according to proof and which is fair, just, and reasonable;
3.    For attorney's fees and costs of suit under 42 U.S.C. § 1988;
4.    For attorney's fees and costs of suit under California Civil Code §§ 52 (b)(3), 52.1 (h), and under California Code of Civil Procedure § 1021.5;
5.    For all other damages, penalties, costs, interest, and attorney fees as otherwise may be allowed by California and/or federal law;
6.    For declaratory and injunctive relief against the CITY OF HOLLISTER and Chief WESTRICK, including, but not limited to, the following:
   a.    An order prohibiting the CITY OF HOLLISTER and its police officers from unlawfully interfering with the rights articulated in ¶¶ 44(a)-(e) of Plaintiff and others; and,
7.    For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby respectfully demands a jury trial in this action on all causes of action that are triable by a jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: June 13, 2016                    **LAW OFFICE OF SANJAY S. SCHMIDT**
                                        **and**
                                        **LAW OFFICE OF JOSEPH S. MAY**


                                        **_/s/ Sanjay S. Schmidt_**
                                        By: SANJAY S. SCHMIDT
                                        Attorneys for Plaintiff
                                        DEBRA MAHLER